JOHN D. SPINNER, RESPONDENT, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, APPELLANT.

*Railroad company — duty of, to maintain fences — gates in — liabilities of company when they are left open.*

Where a gate is put in a fence, erected by a railroad company in pursuance of the provisions of the general railroad act, for the convenience of the owners of the adjoining land, and such gate is continually left open by the agents or servants of the company, or by those doing business with it, the fence is not maintained within the true intent and meaning of the statute, and the company is liable for any injury occasioned thereby.

*Semble*, that the company is liable, even if the gate is left open by the person, for whose convenience it was constructed.

The mere fact that cattle are found upon the track, without evidence of any right or authority from the company, does not, of itself, establish negligence on the part of the owner of the cattle.

APPEAL from a judgment in favor of the plaintiff entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the judge's minutes.

In September, 1872, the plaintiff was in possession of a farm of land near Ilion, in the county of Herkimer, on which he had a herd of cattle.

The defendant's road ran along the northerly side of the farm, adjoining a public highway which lay between the railroad and the farm.

Between the highway and the railroad defendant had built a fence, and in the fence near the house of one Farrington, a gate was placed, as well to enable him to pass to and from a part of his farm lying on the opposite side of the railroad from his house, as to enable persons conveying freight to and from defendant's depot, near Ilion, to pass to and from said depot with freight.

In the night of the 30th of September, 1872, the plaintiff's fence was in some way broken down, and the plaintiff's cattle passed through it on to the highway, and the gate near Farrington's being open, the cattle passed through on to the track; some of them were injured by an engine, with train of cars attached, and others were killed.

An action was brought in this court to recover damages for the loss of, and injury to said cattle. The court, after hearing the evidence, ordered a verdict for the plaintiff, but submitted the question of damages to the jury. The jury assessed the damages. Judgment was entered up and an appeal taken to this court, by which the judgment was reversed, on the ground that the question whether, at the time of the injury, the gate through which the cattle passed was used by the defendant or his agent, or those doing business with it, for access to the depot from the highway, and the highway to the depot, and whether it was left open through the negligence of said defendant's agent or persons doing business with it, were questions for the jury, and should have been submitted to them. (2 Hun, 421.)

A second trial was had and a verdict was again rendered for the plaintiff, and the defendant again appealed.

The court instructed the jury on the second trial that if defend-

ant's agents or servants carelessly left open the gate on the night in question, then defendant was liable for the damages sustained by the plaintiff.

The court refused to charge the jury that the defendant had sufficiently erected and maintained a fence along its road, without the qualification that if it had carelessly omitted to shut the gate, it had not complied with the requirements of the statute.

The court refused to charge that the mere presence of the cattle on the defendant's road, would bar the right of recovery.

The court refused to charge that plaintiff's cattle being upon the defendant's track, without any evidence of right or authority from the defendant, was conclusive evidence of negligence.

The defendant's counsel excepted.

*S. W. Jackson*, for the appellant.

*Amos H. Prescott*, for the respondent.

MULLIN, P. J.:

In order to exempt a railroad company from liability for killing cattle on its track, under section 8 of the general railroad act, it must erect and maintain fences on the sides of its road, with openings or gates, or bars therein, at the farm crossings, for the use of the proprietors of the land adjoining, and so long as such fences shall not be made, and when made not kept in good repair, such railroad corporation shall be liable for damages which shall be done by the agents or engines of such corporation to any cattle.

I am of the opinion that a company is bound to see to it, that all gates on its road are kept closed, and it is liable if they are left open, even by the persons for whose convenience they are constructed. Such owner owes no duty to the owners of cattle that may be in the highways or adjoining fields. But it is not necessary to go that length in this case, as the court instructed the jury the defendant was not liable unless it was carelessly left open by defendant's agents or servants, or by those doing business with it.

The jury must have found that the gate was carelessly left open by some of the persons referred to, or a verdict could not have been rendered.

If I am right in this, the court properly refused to charge that

defendant had sufficiently erected and maintained a fence along its line, unless qualified as suggested by the court.

The refusal of the court to charge that the mere presence of plaintiff's cattle on defendant's road barred the right of recovery was correct, unless that fact is evidence of negligence on the part of the owner of the cattle.

How the breach was made in plaintiff's fence, through which the cattle passed into the highway from his field, does not appear, nor is there any proof as to the condition of that fence. The plaintiff says the fence was apparently torn down. He was not asked if he knew how, or by whom, it was torn down, and it is fairly inferable, from the language, that it was not done by him or his orders. If the fence was sufficient to restrain cattle, and was broken down by some agency over which plaintiff had no control, then plaintiff was not chargeable with negligence contributing to the injury.

The jury were told that if they found any evidence of negligence on the part of the plaintiff, they should find for the defendant.

Their finding negatives any negligence on the part of the plaintiff.

The answer to the exception to the refusal to charge as requested just considered, answers the exception to the refusal to charge that finding the cattle on defendant's track, without any evidence of right or authority from defendant, was conclusive evidence of negligence.

When a gate is put in a fence for the convenience of the owners of land adjoining the railroad, and it is not kept shut, the fence is not maintained within the true intent and meaning of the section above cited.

The object of the legislature in requiring a railroad company to fence on each side of its track, was to prevent the cattle of the persons over whose lands it crossed, and the cattle of others rightfully on such land, from straying on the track and being injured or killed, and to transfer the duty of fencing from the owners of the land to the company. If there is a gate in the fence on each farm, and they may be left open, of what value is the fence, and what security have the owners of the land that their cattle will not be destroyed? The former request embraced this.

I have not seen the case presented to this court when it was before it on a former appeal, and I am not, for that reason, able

to say whether the facts are so nearly alike, as that the opinion of my brother SMITH applies to the case as it is now presented.

The judgment and order must be affirmed.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Ordered accordingly.